IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**HELEN HEWETT,**

                Plaintiff,

v.                                          CIVIL ACTION NO. 3:19-CV-209
                                                    (GROH)

**WEST VIRGINIA HEALTH AND HUMAN
RESOURCES,**

                Defendant.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

Pending before the Court is Plaintiff Helen Hewett's ("Plaintiff") pro se Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis.[1] Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's pro se Complaint [ECF No. 1] sets forth any viable claims. See 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the undersigned recommends that Plaintiff's complaint be dismissed and Plaintiff's motion to proceed *in forma pauperis* be denied as moot.

### II.    THE COMPLAINT

Plaintiff brings this complaint against West Virginia Health and Human Resources.[2]

---

[1] This motion was referred to the undersigned by order dated December 10, 2019. Order of Referral, ECF No. 4.

[2] In the case style, Plaintiff lists the Defendant as West Virginia Health and Human Resources. ECF No. 1 at 1. In the complaint, Plaintiff also refers to the Department of Health and Human Resources. Id. at 1-2. It appears that Plaintiff refers to West Virginia Health and Human Resources and the Department of Health and Human Resources ("DHHR") interchangeably. From hereinafter, the Court will refer to the Defendant as West Virginia DHHR.

ECF No. 1 at 1. While the complaint lacks clarity, it appears that Plaintiff's claims stem from a custody dispute between Plaintiff and her ex-husband, Mr. Michael, that resulted in her children being placed in the custody of the West Virginia DHHR. ECF No. 1 at 2. First, she contends that the West Virginia DHHR failed to protect her children when it placed her children in the custody of Kim Slonaker, Christy Stevens, and Beulah Moore. Id. at 1-2. Specifically, Plaintiff claims Kim Slonaker, Christy Stevens, and Beulah Moore beat, molested, and used her children to transport drugs and that the West Virginia DHHR approved these actions. Id. at 2. Second, Plaintiff alleges that the West Virginia DHHR conspired with Kim Wills[3], Larry Miller Jr., and Christy Stevens "to get some money." Id. Plaintiff does not state the type of relief that she is seeking.[4]

### III.   LEGAL STANDARD

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs . . . ." L.R. Gen. P. 3.01. The plaintiff files this affidavit along with his request or motion for leave to proceed in forma pauperis. Id. The Supreme Court of the United States has explained that the purpose of the "federal in forma pauperis statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

---

[3] The undersigned is unaware if Kim Slonaker and Kim Wills are the same person.
[4] Plaintiff appears to allege other miscellaneous facts in the complaint. For example, Plaintiff claims that Deputy Brendan Hall failed to "arrest these child molesters," "Judge Gina Groh falsified legal documentation," and "Beulah Moore [tried] to kidnap [Plaintiff and her children] to murder [them.]" ECF No. 1 at 2. However, the undersigned in unaware how these facts relate to Plaintiff's claims because the complaint, in general, is incomprehensible.

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). This includes cases filed by non-prisoners. See Michau v. Charleston Cnty., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (holding that the district court did not abuse its discretion when it dismissed the non-prisoner complaints under 28 U.S.C. § 1915(e)(2)(B)). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed *sua sponte* (i.e., on the court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. When reviewing pro se complaints, the Court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

As stated above, under the federal *in forma pauperis* statute, the court may dismiss a case if the complaint is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it is without "an arguable basis either in law or fact." Neitzke, 490 U.S. at 325. A complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. See id. at 328. Cases should only be dismissed as frivolous when the legal theories are "indisputably meritless," or where the claims rely on factual allegations which are "clearly baseless." Id. at 327; see also Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims where the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

The federal *in forma pauperis* statute allows a court to *sua sponte* dismiss a complaint that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002)); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.; see also Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

## IV. DISCUSSION

### A. Jurisdiction

Before evaluating whether Plaintiff's complaint sets forth a claim for relief, the undersigned must first determine if this Court has subject-matter jurisdiction. If a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (stating that "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court"). Subject-matter jurisdiction in federal courts must be based on diversity jurisdiction or federal-question jurisdiction. 28 U.S.C. §§ 1331, 1332. Sharp v. AT & T Commc'ns, 660 F. Supp. 650, 650 (N.D. W. Va. 1987).

Diversity jurisdiction has two requirements: First, there must be complete diversity of citizenship, meaning that each plaintiff is a citizen of a different state than each defendant. 28 U.S.C. § 1332. Second, the amount in controversy must exceed $75,000.00. Id. Here, Plaintiff lists her address as 224 South Queen Street, Martinsburg, West Virginia 25401 and Defendant's address as 433 Mid Atlantic Parkway, Martinsburg, West Virginia 25404. ECF No. 1 at 1. There is not complete diversity of the parties because Plaintiff and Defendant are both citizens of West Virginia, so there is no diversity jurisdiction. ECF No. 1 at 1.

Federal-question jurisdiction only requires that the action "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Pursuant to the well-pleaded complaint rule, "a federal question must appear on the face of [the] plaintiff's . . . complaint." Sharp, 660 F. Supp. at 650. Even when liberally construed, nothing in

Plaintiff's complaint appears to raise a question of federal law. Additionally, Plaintiff does not cite to any federal law. Rather, Plaintiff's complaint appears to stem from a state custody dispute that resulted in Defendant taking custody of her children, and then failing to protect her children by conspiring with other persons who are not named defendants. ECF No. 1 at 1-2. Accordingly, because Plaintiff did not allege a violation of federal law in her complaint, the undersigned concludes that this Court does not have federal question jurisdiction under 28 U.S.C. § 1331.

## V.     RECOMMENDATION

Because this Court lacks subject matter jurisdiction[5], I **RECOMMEND** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and Plaintiff's Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis be **DENIED AS MOOT**.

Plaintiff, Helen Hewett, shall have fourteen (14) days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841,

---

[5] Additionally, Plaintiff fails to state a claim on which relief may be granted because Plaintiff's complaint, in general, is incomprehensible. The complaint fails to give Defendant fair notice of what the claim is and the grounds upon which it rests. Accordingly, Plaintiff's complaint fails to meet the plausibility standard to survive a dismissal for failure to state a claim.

845-48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

Respectfully submitted this 17th day of December, 2019.

*[signature]*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE